# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| *Plaintiff* | § | |
| | § | |
| **v.** | § | **1:21-cr-00078-LY-4** |
| | § | |
| **(4) LLOYD SMITH** | § | |
| *Defendant* | § | |

### Order On Petition for Action on Conditions of Pretrial Release

This matter came before the Court on July 20, 2021, for a hearing on the Pretrial Services Office's Petition for Action on Conditions of Pretrial Release, dated June 23, 2021 (the "Petition") (Dkt. 130). The revocation proceeding was held in accordance with the Federal Rules of Criminal Procedure and 18 U.S.C. § 3148.

Defendant Lloyd Smith was ordered released on conditions on April 30, 2021. The Petition alleges in part that Defendant submitted urine specimens that tested positive for cocaine on May 20 and May 25, 2021, in violation of his Condition of Release 7(m), providing that Defendant must not use or unlawfully possess a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner. At the revocation hearing, Pretrial Services Officer Linda Cano testified that Defendant also submitted urine specimens that tested positive for cocaine on June 14, June 21, and June 30, 2021. She further testified that Defendant was required to submit to a random drug screen in accordance with COMPLY five times while on release, and each time, it tested positive for cocaine.

The Court has considered the Pretrial Services Report, the Petition, and the evidence and arguments of counsel for Defendant and for the government at the revocation hearing. Pursuant to 18 U.S.C. § 3148(b)(1)(B), the Court finds that there is clear and convincing evidence that

1

Defendant violated Condition of Release 7(m) that he must not use or unlawfully possess a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner. Dkt. 112 at 2.

The Court further finds, pursuant to 18 U.S.C. § 3148(b)(2)(B), that Defendant is unlikely to abide by any condition or combination of conditions of release. This finding is based on the fact that Defendant apparently did not cease using cocaine for any period of time during the approximately eleven weeks that he was on release, despite his referral to co-occurring treatment for substance abuse.

It is therefore **ORDERED** that Defendant's previous release on conditions is **REVOKED** and he is **HEREBY DETAINED** pending further proceedings in this case.

**<u>Directions Regarding Detention</u>**

Defendant is remanded to the custody of the Attorney General or his designated representative and confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant must be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

**SIGNED** July 20, 2021.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE